## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **TRUSTEES OF THE PLUMBING AND PIPEFITTING INDUSTRY HEALTH AND WELFARE FUND OF KANSAS,** | ) ) ) ) | |
| **and** | ) ) | **Case Number:  2:19-cv-2123** |
| **TRUSTEES OF THE PLUMBING AND PIPEFITTING INDUSTRY RETIREMENT FUND OF KANSAS,** | ) ) ) ) | |
| **Plaintiffs,** | ) ) ) | |
| **v.** | ) ) | |
| **MID-AMERICAN WATER & PLUMBING, INC.** **5009 Murray Road** **Manhattan, KS 66502,** | ) ) ) ) ) | |
| **Defendant.** | ) ) | |

## COMPLAINT

Plaintiffs, for their claims against Defendant, state:

1.      Plaintiffs bring this action pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145. Jurisdiction and venue are conferred upon the Court by Section 502(a), (e), and (f) of ERISA, 29 U.S.C. § 1132(a), (e), and (f); and § 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a).

2.      Plaintiffs are the Trustees of the Plumbing and Pipefitting Industry Health and Welfare Fund of Kansas and the Plumbing and Pipefitting Industry Retirement Fund of Kansas. The Funds are administered in, and contributions are delivered in, Wichita, Sedgwick County, Kansas.

3.     Defendant Mid-American Water and Plumbing, Inc. (hereinafter referred to as "Defendant"), is a Kansas corporation with its principal place of business at 5009 Murray Road, Manhattan, Kansas 66502, and can be served at this address.

4.     A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury via Certified Mail, as required by ERISA § 502(h), 29 U.S.C. § 1132(h).

5.     Defendant and Plumbers and Pipefitters Local Union No. 441 entered into a Collective Bargaining Agreement ("CBA") covering the time period of June 1, 2013, through May 31, 2023.

6.     The CBA makes the Funds third-party beneficiaries of the Collective Bargaining Agreement.  The CBA requires Defendant to make contributions to the Funds pursuant to its terms and the terms of any Agreements and Declarations of Trust establishing those Funds.  For purposes of this Complaint, the work for which Defendant was required to pay contributions to the Funds shall be called "bargaining unit work."

7.     To obtain compliance with the CBA, Plaintiffs are obligated and authorized by the terms of the Agreements and Declarations of Trust, ERISA § 515, 29 U.S.C. § 1145, and ERISA § 502, 29 U.S.C. § 1132, to initiate legal action.

8.     Defendant has in the past, and may in the future, perform work within the jurisdiction of Plumbers and Pipefitters Local Union No. 441 through its employees and other persons covered by the terms of the CBA, causing additional amounts to become due each month.

9.     ERISA § 502(g), 29 U.S.C. § 1132(g), provides that, where a judgment in favor of Plaintiffs is awarded, the Court shall award Plaintiffs the unpaid contributions; interest at the rate

OP 1746108.1

prescribed by the Internal Revenue Code § 6621; reasonable attorneys' fees and costs; and an amount equal to the greater of interest on the unpaid contributions, or liquidated damages in an amount not in excess of 20 percent (20%) of the amount of the unpaid contributions.

10.     Article XI, Section C of the CBA provides that, in the event Defendant fails to pay the contributions due and owing under the terms of the CBA, Defendant shall pay "all costs and expenses for collecting the payments due, together with the cost of any payroll audit that determines the payments due, attorneys' fees, interest on the unpaid contributions of 12% per annum, and such liquidated damages as may be assessed by the Trustees."

11.     Article XI, Section C of the CBA further provides that, "[i]f an Employer fails to make contributions to the Retirement Plans, or the Health & Welfare Fund within 15 days of the end of the month during which the work was performed, the Union and/or the Trustees shall have the right to take whatever steps are necessary to secure compliance, any provision of the Collective Bargaining Agreement to the contrary notwithstanding, and the Employer shall be liable for all costs and expenses for collecting the payments due, together with the cost of any payroll audit that determines the payments due, attorneys' fees, interest on the unpaid contributions of 12% per annum, and such liquidated damages as may be assessed by the Trustees."

12.     Defendant was notified that it must provide certain information for inspection, pursuant to the Funds' established auditing programs.

13.     Morrow & Co. LLC CPA's ("Morrow & Co.") was engaged as a representative of the Funds to perform an audit of Defendant.   Morrow & Co. has repeatedly requested information needed to perform its audit, but Defendant continues to refuse to comply with said request.

OP 1746108.1

14.     On October 12, 2018, counsel for the Funds sent a letter to Defendant requesting various information necessary to perform the audit.  The letter included a request for information, including W-2s and W-3s for all employees and job cost history detail reports for various job sites worked in Zone 2A, from January 1, 2016, through December 31, 2016.  To date, Defendant has not produced the requested audit information.

15.     Due to Defendant's failure and refusal to provide the requested information, Defendant has materially breached its obligations under the CBA and the Trust Agreements, thereby damaging Plaintiffs.

16.     Plaintiffs are entitled to audit fees, attorneys' fees, interest at 12%, and liquidated damages equal to 20% of any amounts determined to be unpaid.

17.     Plaintiffs are obligated and authorized by Article XI, Section C of the Agreements, ERISA, and the common law of trusts to initiate legal action seeking injunctive and equitable relief to enforce the terms of the Trust Agreements.

WHEREFORE, Plaintiffs pray that the Court order Defendant to comply with Plaintiffs' requests for information sufficient to perform the required audit, including any future requests for information needed to perform the audit on an ongoing basis; plus any delinquent and unpaid contributions from January 1, 2016, through December, 31, 2016, and any additional amounts which become due each and every month until the date judgment is entered herein, together with interest accrued thereon from and after the date or dates of the breach of the CBA at the rate of twelve percent (12%) per annum and liquidated damages equal to twenty percent (20%) on the unpaid and untimely contributions; and any other relief which the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas, as the place of trial, and request that the Court direct trial at such place.

OP 1746108.1

Respectfully submitted,

SPENCER FANE LLP

/s/ Douglas M. Weems
Douglas M. Weems          KS #14771
Olawale O. Akinmoladun     KS #25151
1000 Walnut Street, Suite 1400
Kansas City, Missouri  64106-2140
Telephone: (816) 474-8100
Facsimile:  (816) 474-3216

ATTORNEYS FOR PLAINTIFFS

OP 1746108.1